**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| TRT TRANSPORTATION, INC. D/B/A CHICAGO TROLLEY CO., | |
| PLAINTIFF, | CIVIL ACTION |
| v. | Case Number: 1:11-CV-3693 |
| CHICAGO TROLLEY RENTALS, INC. and YILDIRIM B. AKSOY, | |
| DEFENDANTS. | JURY TRIAL DEMANDED |

**DEFENDANT AKSOY'S MOTION TO DISMISS FOR IMPROPER PARTY**

In accordance with Federal Rule of Civil Procedure 12(b) subsection (6), Defendant Yildirim B. Aksoy (Aksoy) hereby moves for the dismissal of this case against him as he is not a proper party. In support of his motion, Aksoy states the following:

Plaintiff's Complaint names as Defendants Chicago Trolley Rentals, Inc. and Yildirim B. Aksoy. Plaintiff rightfully alleges that Aksoy is the president of Chicago Trolley Rentals, Inc. (Complaint, ¶ 7). Chicago Trolley Rentals, Inc. was organized under the laws of the State of Illinois as a corporation on January 20, 2010. At all times

relevant to the present litigation, Aksoy was acting as an authorized representative of Chicago Trolley Rentals, Inc. and not in his individual capacity.[1]

Corporate officers of Illinois corporations are given privilege to influence the actions of their corporations. *Dallis v. Don Cunningham and Associates*, 11 F.3d 713, 717 (7th Cir. 1993). "A corporation can operate only through its officers and directors, however, and those agents must have the ability to exercise their business judgment without fear of personal liability." *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995). Only in limited situations will the corporate form be disregarded through a piercing of the corporate veil. *Tower Investors, LLC v. 111 East Chestnut Consultants, Inc.*, 864 N.E.2d 927, 941 (Ill. App. Ct. 2007). "Piercing [the] corporate veil is a task which courts should undertake reluctantly." *Pederson v. Paragon Pool Enterprises*, 574 N.E.2d 165, 167 (Ill. App. Ct. 1991). In Illinois, courts will pierce the corporate veil only where there is both (1) "a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist, and (2) circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances." *Tower Investors*, 864 N.E.2d at 941.

Contrary Plaintiff's assertions, Chicago Trolley Rentals, Inc. is not a d/b/a of Aksoy. (Complaint at ¶ 7). Chicago Trolley Rentals, Inc. was organized under the laws of the State of Illinois as a corporation on January 20, 2010. Exhibit 1. The company is

---

[1] The Complaint alleges that Aksoy, as an individual, applied for the CHICAGO TROLLEY RENTALS trademark. (Complaint at ¶ 26). While the "owner of mark" field identifies Yildirim Aksoy DBA Chicago Trolley Rentals, Inc., the application also indicates that it was filed on behalf of an Illinois Corporation (Complaint at Ex. 12, p. 2). In the Office Action issued for the same mark, the examining attorney notes that the entity of the applicant was unclear. As such, the application does not evidence individual action by Aksoy.

legally distinct from Aksoy personally and has a separate federal tax identification number. Plaintiff has not presented any allegations in its complaint sufficient to warrant a piercing of the corporate veil. *See generally*, Complaint. Without such sufficient allegations, there is no basis for liability against Aksoy and he should be dismissed as an improper party.

WHEREFORE, Aksoy hereby moves this Court for an Order dismissing him from this action with prejudice, and for any other relief that the Court may deem appropriate.

Respectfully Submitted,

Dated: July 14, 2011

By: */s/Aleksandra M. S. Vold*
Aleksandra M. S. Vold
Attorney No. 6304058
avold@voldlaw.com

Vold, LLC
105 W. Adams St. Suite 2800
Chicago, IL 60603
Telephone: 312-715-8653
Facsimile: 312-268-7366

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant Aksoy's Motion To Dismiss* was served in accordance with the Federal Rules of Civil Procedure on this 14th day of July, 2011, to the following electronically:

Daliah Saper
Saper Law Offices, LLC
505 N. LaSalle Suite 350
Chicago, Illinois 60654

Alicia Morris Groos
Brandon M. Ress
Fulbright & Jaworski LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701

*/s/ Aleksandra M. S. Vold*

Aleksandra M. S. Vold

# EXHIBIT 1



## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | CHICAGO TROLLEY RENTALS, INC. | **File Number** | 66750361 |
| **Status** | ACTIVE | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 01/20/2010 | **State** | ILLINOIS |
| **Agent Name** | YILDIRIM B AKSOY | **Agent Change Date** | 01/20/2010 |
| **Agent Street Address** | 3516 N LAWNDALE AVE | **President Name & Address** | YILDIRIM AKSOY |
| **Agent City** | CHICAGO | **Secretary Name & Address** | |
| **Agent Zip** | 60618 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 03/10/2011 | **For Year** | 2011 |

**Return to the Search Screen**

**Purchase Certificate of Good Standing**

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE