IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRT TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11 C 3693 |
| | ) |
| CHICAGO TROLLEY RENTALS, INC., | ) |
| and YILDIRIM B. AKSOY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Yildirim B. Aksoy's (Aksoy) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

**BACKGROUND**

Plaintiff TRT Transportation, Inc. (TRT) allegedly operates a Trolley sightseeing tour in Chicago, Illinois. TRT contends that it uses the mark "Chicago Trolley" for its business and has used and registered similar marks. TRT contends the Defendant Chicago Trolley Rentals, Inc. (CTR) began operating a competing trolley business in Chicago, Illinois using the name "Chicago Trolley Rentals,"

1

which TRT contends is similar to its mark. TRT also contends that Defendants' trolley cars are similar in appearance to TRT's trolley cars. Aksoy is allegedly the president of CTR. TRT brought the instant action and includes in the complaint a claim for federal trademark infringement (Count I), a federal common law trademark infringement claim (Count II), a federal trade dress infringement claim (Count III), a federal cybersquatting claim (Count IV), a trademark dilution claim (Count V), an unfair competition claim brought under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count VI), a deceptive trade practices act claim brought under the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (Count VII), an Illinois common law unfair competition claim (Count VIII), a passing off claim (Count IX), and an unjust enrichment claim (Count X). Aksoy now moves to dismiss the claims brought against him.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (U.S. 2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300

F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Aksoy argues that although he is the president of CTR, he cannot be held personally liable for infringing on TRT's trademarks. Aksoy contends that the only manner in which he could be held liable is if TRT attempted to pierce the corporate veil and that TRT has not included allegations in the complaint to support such a theory. Aksoy argues that he is thus not a proper defendant and the claims brought against him should be dismissed. TRT indicates that it is not attempting to pierce the corporate veil in this case, but it is seeking to hold Aksoy personally liable for active participation in the infringing activities.

The Seventh Circuit has indicated that in a trademark infringement case, that an individual, such as an owner or president of a corporation, can be held personally

liable, if he was "personally involved in the commission of the tort by his corporation. . . ." *Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004); *see also Microsoft Corp. v. Rechanik*, 2007 WL 2859800, at *2 (7th Cir. 2007)(stating that "[a]n individual can be jointly liable for a company's infringing conduct" in an action involving trademark infringement claims, unfair and deceptive competition claims brought under 815 ILCS 505/1 *et seq*. and 815 ILCS 510/1 *et seq*., and Illinois common law claims); *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)(stating that "[n]atural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act" and that "[b]ecause of its very nature a corporation can act only through individuals"); *Tile Unlimited, Inc. v. Blanke Corp.*, 2011 WL 1527011, at *2 (N.D. Ill. 2011)(stating that "ICFA liability may lie against an individual employee"). Aksoy cites law regarding what a plaintiff must show if the plaintiff is proceeding under the piercing the corporate veil theory. (Mot. 2). However, Aksoy has failed to cite any case that holds that a president of a corporation can only be held liable under the piercing of the corporate veil theory for trademark infringement or any of the other claims presented in the complaint in this action.

Aksoy argues that only in limited instances can the corporate veil be pierced, but has not shown that the corporate veil must be pierced in a trademark infringement

4

case or in regard to the other claims presented in the complaint. Aksoy cites *Dallis v. Don Cunningham and Associates*, 11 F.3d 713 (7th Cir. 1993) for the proposition that corporate officers are protected by the corporate officer's privilege. While Aksoy, as a corporate officer is protected by such a privilege, that privilege is not an absolute one, and does not provide a basis for the dismissal of the claims brought against him at the pleadings stage. Nor does the privilege automatically preclude an action against Aksoy if he intentionally and actively participated in trademark infringement. In *Dallis*, the Seventh Circuit explained that "corporate officers are privileged to influence the actions of their corporations if they act for a proper business purpose and in good faith . . . ." *Id.* (internal quotations omitted)(quoting *Mittelman v. Witous,* 552 N.E.2d 973, 987 (Ill. 1989)). The Seventh Circuit explained, for example, that conduct taken by a corporate officer "solely for the purpose of harming" the plaintiff is not considered to be "undertaken to further the corporation's interest." *Id.* The Seventh Circuit has also stated in regard to copyright infringement that in regard to "[t]he individual liability of managing officers of a corporation for acts of infringement committed by the corporation under their general direction," officers could be held liable if they personally, knowingly, and willfully participated in the infringing activity. *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 468 F.2d 225, 233 (7th Cir.

5

1972)(citing *Dangler v. Imperial Machine Co.*, 11 F.2d 945, 946-48 (7th Cir. 1926)).

Aksoy also argues that TRT has not alleged specific facts regarding his control over the operations and personal involvement in the activities at CTR. TRT alleges that Aksoy is the president of CTR. (Compl. Par. 7). TRT also alleges that after it informed Defendants of the unlawful activity, Aksoy attempted to register a trademark for CTR. (Compl. Par. 26). It can be plausibly inferred, based on such allegations, that Aksoy may have control over the operations at CTR and may have some personal involvement in the activities of CTR. In addition, TRT also specifically alleges that Aksoy "has actively participated" in the wrongful acts alleged in the complaint. (Compl. Parl 7). Whether Aksoy does in fact have such control and involvement as to the operations at CTR and whether he actively participated in the alleged wrongful conduct cannot be determined at the pleadings stage. Thus, it is premature at this juncture to dismiss the claims brought against Aksoy. Aksoy has not shown that he is an improper Defendant in this action and his motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, Aksoy's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 30, 2011